# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 09-24949 |
| | ) | |
| SUN CONTAINER, INC., *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing: June 1, 2010 at 10:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on June 1, 2010, at 10:00 a.m., the undersigned shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, in the courtroom usually occupied by her, United States Courthouse, 219 South Dearborn Street, courtroom 642, Chicago, Illinois, and then and there present the **Final Fee Application of Legacy Advisors as Financial Advisor and Investment Banker to the Debtors and Request to Limit and Shorten Notice**, a copy of which is attached hereto and herewith served upon you.

Dated: May 10, 2010

Respectfully submitted,

**SUN CONTAINER, INC.,** *et al.*

/s/ Jeffrey M. Heller
One of their Attorneys

Harley J. Goldstein (No. 6256010)
Sven T. Nylen (No. 6278148)
Jeffrey M. Heller (No. 6294314)
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

---

[1] The Debtors are the following entities: (i) Sun Container, Inc.; (ii) Sun Boxes, Inc.; and (iii) B&N Container, Inc.

E-481153 v1

## CERTIFICATE OF SERVICE

      I, Jeffrey M. Heller, an attorney, do hereby certify that on May 10, 2010, I caused true and correct copies of the **Notice of Motion** and the **Final Fee Application of Legacy Advisors as Financial Advisor and Investment Banker to the Debtors and Request to Limit and Shorten Notice** to be served electronically to the parties listed on the attached service list via CM/ECF, the Court's Electronic Filing System.

Dated: May 10, 2010

      Respectfully submitted,

      **SUN CONTAINER, INC.,** *et al*.

      /s/  Jeffrey M. Heller
      One of their Attorneys

      Harley J. Goldstein (No. 6256010)
      Sven T. Nylen (No. 6278148)
      Jeffrey M. Heller (No. 6294314)
      K&L GATES LLP
      70 West Madison Street, Suite 3100
      Chicago, Illinois 60602-4207
      Telephone:  (312) 372-1121
      Facsimile:  (312) 827-8000

- 3 -

**Parties Served Via CM/ECF**

Steven A Ginther on behalf of Creditor Missouri Department of Revenue
ndilecf@dor.mo.gov

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Lawrence A Steingold on behalf of Creditor Metropolitan National Bank
lawrence.steingold@huschblackwell.com

Michael Traison on behalf of Creditor Committee Official Committee of Unsecured Creditors
traison@millercanfield.com  wysocki@millercanfield.com
swansonm@millercanfield.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 09-24949 |
| | ) | |
| SUN CONTAINER, INC., *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing:  June 1, 2010 at 10:00 a.m. |

**FINAL FEE APPLICATION OF LEGACY ADVISORS AS FINANCIAL ADVISOR
AND INVESTMENT BANKER TO THE DEBTORS AND
REQUEST TO LIMIT AND SHORTEN NOTICE**

The above-captioned debtors (the "*Debtors*"), on behalf of Legacy Advisors ("*Legacy*"), hereby submit this *Final Fee Application of Legacy Advisors as Financial Advisor and Investment Banker to the Debtors and Request to Shorten and Limit Notice* (the "*Application*"), relating to services rendered as financial advisor and investment banker from July 9, 2009 through April 30, 2010 (the "*Application Period*"), and in support hereof, the Debtors respectfully state as follows:

**BACKGROUND**

On July 9, 2009 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 (the "*Chapter 11 Cases*") of title 11 of the United States Code (the "*Bankruptcy Code*").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operated their businesses and managed their properties as debtors in possession.  On July 13, 2009, the Court entered an order jointly administering these Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

On August 26, 2009, this Court approved the retention of Legacy as financial advisor and investment banker to the Debtors (the "*Retention Order*") (Docket No. 78).  The Retention Order

---

[1] The Debtors are:  (i) Sun Container, Inc.; (ii) Sun Boxes, Inc.; and (iii) B&N Container, Inc.

448947/E/1

authorized Legacy to be compensated on the terms set forth in its retention application and the declaration of Ronald L. Stacey, which solely includes a success fee component. Herein, Legacy seeks final approval of compensation during the Application Period in the total amount of $95,363.88.

On December 11, 2009, the Debtors' filed their *Second Amended Plan of Reorganization* (the "*Plan*"). On January 6, 2010, this Court entered an order (the "*Confirmation Order*") confirming the Debtors' Plan. The Plan went effective on April 30, 2010 (the "*Effective Date*").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, and Bankruptcy Rule 2016.

## **LEGAL STANDARD**

Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by . . . any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

The Seventh Circuit Court of Appeals has stated that:

2

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 785 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

In evaluating this Application, the Court should consider the issues presented, the skill required to perform the financial services properly, the preclusion of other employment caused by Legacy's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the consultants involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

## SERVICES PERFORMED

In accordance with Bankruptcy Rule 2016, the Application filed has attached hereto as <u>Exhibit A</u> the invoice containing a breakdown of Legacy's requested fees. In preparing this Application, Legacy calculated its success fee based on the final sale price of substantially all of the Debtors' assets, accounts receivable, and inventory. To summarize, Legacy's requested fee structure, as set forth in Legacy's retention application and engagement agreement, and as

3

approved by this Court in the Retention Order, equates to Legacy being entitled to a success fee of $95,363.88.[2]

As set forth in the retention application, Legacy Advisors is not seeking hourly compensation for work performed on behalf on the Debtors.  Rather, Legacy is only seeking compensation in accordance with the success fee structure approved by this Court in the Retention Order.  Such success fee is warranted based on the significant marketing and sale efforts undertaken by Legacy that ultimately resulted in the filing, confirmation, and Effective Date of the Debtors' Plan.

Although not seeking compensation for its hourly services, Legacy's retention encompassed a number of tasks focused generally on developing a financial strategy aimed at maximizing the value of the Debtors' business.  Legacy also assisted the Debtors in forecasting, budgeting, planning, controlling, and other aspects of managing cash.  In this regard, Legacy also spent substantial time assisting the Debtors with preparing cash collateral budgets, weekly and bi-weekly reports required by the terms of cash collateral orders entered in the case, and other similar bankruptcy requirements (including assisting the Debtors with preparing their bankruptcy petitions, schedules, and statement of financial affairs).  All of these services were critical to allowing the Debtors to not only survive in chapter 11, but also streamline and improve their operations to make it more attractive to potential buyers.

No agreement or understanding exists between Legacy and any other person for the sharing of compensation received or to be received in connection with these Chapter 11 Cases, other than as disclosed or authorized pursuant to the Bankruptcy Code and Bankruptcy Rules. Legacy has made no prior request for fees in these Chapter 11 Cases.

---

[2] This amount is broken down as follows:  (i) 5 percent of the first million dollars involved in the sale; (ii) 4 percent of the second million dollars; and (iii) 3 percent of the third million dollars.  Thus, with a sale price of $2,178,796.00, Legacy's success fee equals .05*$1,000,000 + .04*$1,000,000 + .03*$178,796.00 = $95,363.88.

4

448947/E/1

Legacy reserves the right to correct, amend, or supplement this Application.

## EXPENSES INCURRED

Legacy is not seeking compensation for out of pocket expenses incurred in the Debtors' bankruptcy cases.

## BENEFIT TO THE ESTATE

On behalf of the Debtors, and in furtherance of Debtors' duties pursuant to the Bankruptcy Code, Legacy took all necessary steps to advance the interests of the Debtors during the Chapter 11 Cases. As discussed above, all of these services allowed the Debtors to not only survive in chapter 11, but also improve their operations and forecasting to allow for a successful sale of substantially all of the Debtors' assets, accounts receivable, and inventory, which was supported by the Debtors' primary secured lender and the Official Committee of Unsecured Creditors. Without these services, the Debtors would have been unable to effectuate the Plan and creditors would have received less recovery on their claims.

The foregoing services benefited the bankruptcy estates and, as such, the compensation requested herein is reasonable and should be allowed.

## REQUEST TO LIMIT AND SHORTEN NOTICE

Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of a request for compensation shall be given to the debtor, the trustee, all creditors, and indenture trustees if that request exceeds $1,000.00. The Debtors submit that notice here should be limited to: (a) counsel to the Official Committee of Unsecured Creditors; and (b) the Office of the United States Trustee. The Debtors submit that, under the circumstances here, no further notice of the relief requested herein should be required in light of the fact that the Debtors' creditors will not be harmed by the relief requested herein as they will receive the amounts set forth in the Plan, and

5

will not be affected by the amounts requested in this Application. Thus, it would be burdensome and costly for the Debtors to provide notice to all creditors in this case.

Similarly, the Debtors assert that no parties will be harmed by shortening the notice period to eight days. K&L Gates's and Official Committee of Unsecured Creditors' second interim fee applications are already set for hearing on May 18, 2010, and the Debtors intend to file a motion for a final decree that will also be set for hearing on May 18, 2010. Ultimately, the Debtors hope to resolve all open issues at the hearing on May 18, 2010, and close these bankruptcy cases on such date.

In light of the nature of the relief requested, the Debtors submit that the notice requested and provided is sufficient.

**WHEREFORE**, Legacy respectfully requests that the Court enter an order:

(a)     allowing and authorizing payment to Legacy for $95,363.88 in compensation for the period of July 9, 2009 through April 30, 2010 in connection with the successful sale of substantially all of the Debtors' assets, accounts receivable, and inventory; and

(b)     granting such other and further relief as this Court deems just and proper.

Dated: May 10, 2010                                              Respectfully submitted,

**SUN CONTAINER, INC.,** *et al.*

/s/ Jeffrey M. Heller
One of their Attorneys

Harley J. Goldstein (No. 6256010)
Sven T. Nylen (No. 6278148)
Jeffrey M. Heller (No. 6294314)
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

6

448947/E/1