## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 09-24949** |
| **SUN CONTAINER, INC.,** *et al.*, | § | |
| | § | **(Chapter 11 – Jointly Administered)** |
| Debtors. | § | |
| | § | Hearing: May 18, 2010 at 10:30 a.m. |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on May 18, 2010 at 10:30 am, or as soon thereafter as counsel may be heard, we will appear before the Honorable Susan Pierson Sonderby, or any Judge sitting in her stead, in Room 642 of Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 and present the **FINAL APPLICATION OF MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND REQUEST TO LIMIT AND SHORTEN NOTICE,** a copy of which is hereby served upon you.

Respectfully Submitted,

MILLER, CANFIELD, PADDOCK & STONE P.L.C.

By: /s/ Michael H. Traison
         Michael H. Traison (No. 6285518)
225 W. Washington, Suite 2600
Chicago, IL 60606
Phone: 312.460.4230
traison@millercanfield.com

Dated: May 11, 2010

## CERTIFICATE OF SERVICE

I, Michael H. Traison, an attorney, do hereby certify that on May 11, 2010, I caused true and correct copies of the **Notice of Motion** and the **Final Fee Application and of Miller, Canfield, Paddock and Stone, P.L.C. as Counsel to the Official Committee of Unsecured Creditors and Request to Limit and Shorten Notice** to be served upon the parties listed below via CM/ECF electronic mail.

**Parties Served Via CM/ECF**

Steven A Ginther on behalf of Creditor Missouri Department of Revenue
ndilecf@dor.mo.gov

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Sven T. Nylen on behalf of Debtor Sun Container, Inc.
sven.nylen@klgates.com; teresa.gomez@klgates.com; jeffery.heller@klgates.com

Lawrence A Steingold on behalf of Creditor Metropolitan National Bank
lawrence.steingold@huschblackwell.com


Dated: May 11, 2010

Respectfully submitted,


MILLER, CANFIELD, PADDOCK & STONE P.L.C.


By:  /s/ Michael H. Traison
        Michael H. Traison (6285518)
225 W. Washington, Suite 2600
Chicago, IL 60606
Phone: 312.460.4230
traison@millercanfield.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 09-24949** |
| **SUN CONTAINER, INC.,** *et al.*,[1] | § | |
| | § | **(Chapter 11 – Jointly Administered)** |
| Debtors. | § | |
| | § | Hearing: May 18, 2010 at 10:30 a.m. |

**FINAL FEE APPLICATION OF MILLER, CANFIELD, PADDOCK AND STONE,**
**P.L.C., AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS AND REQUEST TO LIMIT AND SHORTEN NOTICE**

Miller, Canfield, Paddock and Stone, P.L.C. ("Miller Canfield"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of Sun Container, Inc. *et al.* ("Debtors"),

hereby files its Final Fee Application And Request to Limit and Shorten Notice (the

"Application") relating to services rendered and expenses incurred from July 22, 2009 through

April 30, 2010 (the "Application Period").  In support of its Application, Miller Canfield states

as follows:

On July 9, 2009 ("Petition Date") each of the Debtors filed a voluntary petition for relief

under Chapter 11, Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The

Debtors have continued in the operation of their businesses and in possession of their properties

as Debtors and debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

On July 13, 2009, the Court entered an order jointly administering these Chapter 11 cases

pursuant to Bankruptcy Rule 1015(b).

On July 23, 2009, the Office of the United States Trustee for the Northern District of

Illinois (the "United States Trustee") appointed the Committee pursuant to § 1102(a) of the

Bankruptcy Code.

---

[1] The Debtors are the following entities: (i) Sun Container, Inc.; (ii) Sun Boxes, Inc.; and (iii) B&N Container, Inc.

On August 12, 2009, the Court approved the employment of Miller Canfield as counsel to the Committee, retroactive as of July 22, 2009.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The applicable statutory provisions are sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On December 11, 2009, Miller Canfield filed its Amended First Interim Fee Application And Summary Statement Of Miller, Canfield, Paddock And Stone, P.L.C., As Counsel For The Official Committee Of Unsecured Creditors For The Period Of July 22, 2009 Through September 30, 2009 (the "First Interim Application") requesting that this Court enter an order allowing Miller Canfield $66,390.50 in reasonable and necessary fees and $570.74 in actual expenses for the period of July 22, 2009 through September 30, 2009 (Docket No. 141). This Court entered an order approving the First Interim Application on December 15, 2009 (Docket No. 149), allowing Miller Canfield $66,390.50 in reasonable and necessary fees and $570.74 in actual expenses.

On March 4, 2010, Miller Canfield filed its Second Interim Fee Application And Summary Statement Of Miller, Canfield, Paddock And Stone, P.L.C., As Counsel For The Official Committee Of Unsecured Creditors For The Period Of October 1, 2009 Through January 31, 2010 (the "Second Interim Application"), requesting that this court enter an order allowing Miller Canfield $53,263.00 in reasonable and necessary fees and $742.12 in actual expenses for the period of October 1, 2009 through January 31, 2010 (Docket No. 203). The hearing on the

Second Interim Application was continued until May 18, 2010, and is scheduled for hearing contemporaneously with this Application.

This is Miller Canfield's Final Application and Statement.

Miller Canfield makes this application for allowances at rates substantially similar or identical to those charged non-bankruptcy clients for similar services.

During the Application Period Miller Canfield's rates ranged from $95.00 to $450.00, in comparison to prevailing rates in the community which can rage from $180.00 to $550.00.

As discussed above, Miller Canfield has already filed two interim fee applications detailing the services rendered and actual and necessary expenses incurred from the July 22, 2009 through January 31, 2010. For the February 1, 2010 through April 30, 2010 period ("Final Fee Period"), Miller Canfield seeks approval and allowance of compensation in the amount of $7,155.00 and reimbursement of expenses in the amount of $100.46, for a total of $7,255.46.

Attached hereto as Exhibit A is a summary showing the name and position of each professional and paraprofessional, together with that person's date of admission to the bar (if applicable), hours worked during the Final Fee Period, and each professional's hourly rate. During the Final Fee Period, Miller Canfield devoted a total of 24.40 hours, which has a time value of $7,155.00.  The hourly blended rate for substantially all time worked on this matter is $261.66 per hour.  Miller Canfield is able to bill hourly rates which are substantially lower than the prevailing hourly rates in this and many similar matters.

Miller Canfield incurred $100.46 in expenses for the Application Period and include charges for copying, mail delivery services, filing fees and telephone expenses.  Miller Canfield charges $0.10 per page for black and white copies and $0.50 per page for color copies.  All of the copies made in connection with this matter were black and white copies. Miller Canfield worked

to keep expenses at an absolute minimum and the incurred charges were necessary in furthering the interests of the Committee.  Attached hereto as Exhibit B is a summary of those expenses.

The Committee employed Miller Canfield based on the firm's relationship with the industry and commitment to accomplish the tasks involved as efficiently as possible and to achieve the best results for the creditors.  During the Final Fee Period, Miller Canfield functioned as counsel to the Committee and, in that capacity was able to assume select discreet aspects of the representation of the Committee when to do so meant a cost savings to the Debtors' Estate.

Services performed by Miller Canfield professionals during the Final Fee Period included, but were not limited to, the drafting, filing and service of pleadings, attending court hearings, assisting with the coordination and conduct of Committee meetings, researching issues of law which affect the interests of the Committee and the unsecured creditors and the review of filed pleadings and handling of communications and correspondence necessary for proper administration of the case.  Miller Canfield also addressed matters of concern to creditors involving viable strategies regarding the sale of the Debtors' business as a going concern or at auction, versus reorganization and continuation of the Debtors' business.  Additionally, Miller Canfield's attorneys attended to matters related to cash collateral usage and negotiations between the secured lenders and the Debtors.  Miller Canfield has been able to meet with Debtors' counsel and has worked cooperatively with Debtors' counsel to attempt to resolve all differences and to avoid litigation.  Counsel was in constant communication with the Committee in order to keep the Committee apprised of the status of the matter, respond to any questions or concerns of the Committee and advise of actions that were in its best interests.  Miller Canfield has assisted in bringing this matter to the point where a reorganization plan has been filed and confirmed.

Counsel worked to significantly lower expenses by conducting Committee meetings by teleconference, as face-to-face meetings would have involved charges for travel related expenses.  Miller Canfield has minimized the length of meetings and instead has briefed the Committee by issuing written reports.  The Committee did not employ a financial advisor but instead, through Counsel's relationship with a financial advisory firm, Gould & Pakter, LLC is providing financial advisory services to the Committee at no cost to the Debtors.   Miller Canfield has also absorbed the costs for certain expenses such as online research charges.

Attached hereto as Exhibit D is Miller Canfield's invoice for the Final Fee Period, providing a detailed description of the work performed during the period.

### REQUEST TO LIMIT AND SHORTEN NOTICE

Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of a request for compensation shall be given to the debtor, the trustee, all creditors, and indenture trustees if that request exceeds $1,000.00. The Committee submits that notice here should be limited to: (a) counsel to the Debtors; and (b) the Office of the United States Trustee. The Committee submits that, under the circumstances here, no further notice of the relief requested herein should be required in light of the fact that the Debtors' creditors will not be harmed by the relief requested herein as they will receive the amounts set forth in the Plan, and will not be affected by the amounts requested in this Application. Thus, it would be burdensome and costly for the Committee to provide notice to all creditors in this case.

Similarly, the Committee asserts that no parties will be harmed by shortening the notice period to eight days. Debtors' counsel and the Committee's second interim fee applications are already set for hearing on May 18, 2010, and the Debtors intend to file a motion for a final decree that will also be set for hearing on May 18, 2010. Ultimately, the Debtors and the

Committee hope to resolve all open issues at the hearing on May 18, 2010, and close these bankruptcy cases on such date.

In light of the nature of the relief requested, the Committee submits that the notice requested and provided is sufficient.

**WHEREFORE,** Miller Canfield respectfully requests that the Court enter an order:

(a)    allowing Miller Canfield $125,808.50 in final compensation for the Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code;

(b)    allowing Miller Canfield $843.34 in final reimbursable expenses for the Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code;

(c)    authorizing payment to Miller Canfield in the amount of $7,155.00 in reasonable and necessary fees and $100.46 in actual expenses for the period of February 1, 2010 through April 30, 2010;

(d)    granting such other and further relief this Court deems just and proper.

Dated: May 11, 2010

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By /s/ Michael H. Traison
       Michael H. Traison (6285518)
       225 W. Washington, Suite 2600
       Chicago, IL 60606
       Tel.: 312-460-4200
       Direct:  312-927-9669
       Fax:  312-460-4219
       traison@millercanfield.com

**EXHIBIT A**

# SUMMARY OF FINAL FEE STATEMENT

Name of Applicant:                              Miller, Canfield, Paddock and Stone, PLC

Authorized to Provide
Professional Services to:                       Official Unsecured Creditors' Committee

Date of Order of Retention:                     August 12, 2009, retroactive to July 22, 2009

Period for which compensation
and reimbursement is sought:                    July 22, 2009 through April 30, 2010

Total Amount of Compensation requested:         $125,808.50

Total Amount of Expense Reimbursement
requested:                                      $843.34

Amount of Compensation requested for Period
Of February 1, 2010 through April 30, 2010:     $7,155.00

Amount of Expense Reimbursement
requested for Period Of February 1, 2010
through April 30, 2010:                         $100.46

## PRIOR FEE STATEMENTS

| DATE FILED | DOCKET NUMBER | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | FEES PAID | EXPENSE PAID |
|---|---|---|---|---|---|---|
| 12/11/09 | 141 | 7/22/09-9/30/09 | $66.390.50 | $570.74 | $66,390.50* | $570.74* |
| 3/4/2010 | 203 | 10/1/2009-1/31/2010 | $52,263.00 | $172.14 | 0 | 0 |

*According to the Court's order dated December 15, 2009, the retainer held by Miller Canfield in the amount of $10,000 was applied to the First Interim Fee Application and is included in the payment amounts listed above.

**PROFESSIONALS AND PARAPROFESSIONALS**
**WHO RENDERED SERVICES IN THIS CASE**
**FOR THE PERIOD OF FEBRUARY 1, 2010 THROUGH APRIL 30, 2010**

| NAME | YEAR OF ADMISSION | HOURLY RATE | HOURS | AMOUNT |
|------|-------------------|-------------|-------|--------|
| **PARTNERS** | | | | |
| Michael H. Traison | 1983 - Michigan | $420.00 | 12.80 | $5,376.00 |
| | | | | |
| **ASSOCIATES** | | | | |
| Marc N. Swanson | 2007 - Michigan | $215.00 | .60 | $129.00 |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Robin M. Wysocki | N/A | $150.00 | 11.00 | $1,650.00 |
| | | | | |
| **TOTAL** | | | | |
| **AVERAGE RATE** | | $261.66 | **24.40** | **$7,155.00** |

# EXHIBIT B

**SUMMARY OF EXPENSES INCURRED DURING
THE FINAL FEE PERIOD**

| | |
|---|---:|
| Travel Expense:  Parking | 0 |
| Travel Expense:  Airfare | 0 |
| Travel Expense:  Lodging | 0 |
| Travel Expense:  Mileage | 0 |
| Duplicating | 0 |
| Delivery Service/Messengers | 0 |
| Postage | 0 |
| Court/Filing Fees | 0 |
| Phone charges | $96.38 |
| Online research | $4.08 |
| Meals | 0 |
| **TOTAL** | **$100.46** |

**EXPENSES**

For Expenses Incurred February 1, 2010 Through April 30, 2010

**DISBURSEMENT DETAIL**

**COSTS**

> Online research                                              4.08

> Telephone                                                      96.38

> **COSTS DUE THIS MATTER**.............................................. **$ 100.46**

**EXHIBIT C**

**COMPENSATION BY MATTER DURING THE FINAL FEE PERIOD**

| MATTER NUMBER | MATTER DESCRIPTION | TOTAL HOURS | TOTAL FEE REQUESTED* |
|---|---|---|---|
| 0001 | Committee Matters | 12.80 | $5,376.00 |
| 0003 | Retention/Fee Matters | 11.00 | $1,650.00 |
| 0004 | Case Administration | .60 | $129.00 |
| 0005 | Court Appearances | 0 | 0 |
| 0006 | Research | 0 | 0 |
| 0007 | Document Management | 0 | 0 |
| 0008 | Litigation | 0 | 0 |
| 0009 | Avoidance Actions | 0 | 0 |
| | **TOTAL:** | **24.40** | **$7,155.00** |

**MATTER 0001**
**COMMITTEE MATTERS**

| DATE | TIMEKEEPER | RATE | HOURS | NARRATIVE | COST |
|------|-----------|------|-------|-----------|------|
| 02/04/10 | *Michael Traison* | $420.00 | 0.20 | Notice of post confirmation status hearing. | 84.00 |
| 02/05/10 | *Michael Traison* | $420.00 | 0.20 | Receipt and review of Order Granting Motion to Extend Time. | 84.00 |
| 02/19/10 | *Michael Traison* | $420.00 | 1.00 | Review status update.  Correspondence to Committee. | 420.00 |
| 02/22/10 | *Michael Traison* | $420.00 | 2.50 | Prepare application and attend to administrative matters.  Report to committee regarding developments. | 1,050.00 |
| 02/22/10 | *Michael Traison* | $420.00 | 0.20 | Telephone call from debtors counsel regarding delay in closing. | 84.00 |
| 02/22/10 | *Michael Traison* | $420.00 | 0.60 | Receipt of correspondence from Debtor. Review of Second Motion to Extend Deadline.  Correspondence to Creditors' Committee. | 252.00 |
| 02/23/10 | *Michael Traison* | $420.00 | 2.00 | Follow-up on pending issues; prepare application and proposed order; respond to creditors. | 840.00 |
| 02/25/10 | *Michael Traison* | $420.00 | 0.50 | Receipt and review of Summary of Cash Receipts and Disbursements for January 2010 for Sun Container, Inc., Sun Boxes Inc. and B&N Container, Inc. | 210.00 |
| 03/01/10 | *Michael Traison* | $420.00 | 0.90 | receipt and review of detailed updated accounts receivable aging for Sun Container and correspondence from debtor's counsel and review of same. (.6) Correspondence to credtors's' committee conveying same and informing committee regarding steps being taken in case. (.3) | 378.00 |
| 03/02/10 | *Michael Traison* | $420.00 | 0.90 | Correspondence from debtor's counsel and review of borrowing base report. (.6) Correspondence to creditors' committee and report on borrowing base issues. (.3) | 378.00 |
| 03/04/10 | *Michael Traison* | $420.00 | 1.10 | Work on fee application. (.9) Correspondence from debtor counsel regarding hearing and regarding status of administrative claims. (.2) | 462.00 |
| 03/15/10 | *Michael Traison* | $420.00 | 0.40 | Receipt of monthly report. (.2) Correspondence to Creditors' Committee regarding same and status report. (.2) | 168.00 |
| 03/23/10 | *Michael Traison* | $420.00 | 0.20 | Calls with debtor's counsel regarding hearings, administrative claims, investor status, bank cooperation. | 84.00 |
| 03/30/10 | *Michael Traison* | $420.00 | 0.50 | Notice of hearing regarding applications and process same. [2]  Telephone call from debtor's counsel regarding administrative matters. [1] Correspondence from debtor's counsel regarding administration matters. [2] | 210.00 |

| 04/01/10 | *Michael Traison* | $420.00 | 0.20 | Receipt and review of aging accounts receivable and borrowing base report. | 84.00 |
|---|---|---|---|---|---|
| 04/09/10 | *Michael Traison* | $420.00 | 0.10 | Prepare for hearing regarding application and consult with debtor's counsel. | 42.00 |
| 04/14/10 | *Michael Traison* | $420.00 | 1.00 | Prepare for and attend hearing. | 420.00 |
| 04/23/10 | *Michael Traison* | $420.00 | 0.10 | Receipt and review of notice and motion to extend; correspondence to counsel; correspondence from debtors counsel. | 42.00 |
| 04/29/10 | *Michael Traison* | $420.00 | 0.20 | Correspondence from Debtors' counsel. Multiple responses thereto and follow up. (Total actual time 0.8 less courtesy adjustment of 0.7 for net of 0.1.) Telephone call from S. Nylen regarding plan to close case. Correspondence from and to S. Nylen regarding same. Further consideration of same. (Total actual time 0.4 less courtesy adjustment of 0.3 for net of 0.1.) | 84.00 |
| | | **TOTAL** | **12.80** | **TOTAL COST** | **$5,376.00** |

**MATTER 0003**
**RETENTION/FEE MATTERS**

| DATE | TIMEKEEPER | RATE | HOURS | NARRATIVE | COST |
|------|-----------|------|-------|-----------|------|
| 02/22/10 | *Robin Wysocki* | $150.00 | 3.90 | Revise final fee application according to Debtors' counsel instructions and make it an interim application and add time entries and adjustments. | 585.00 |
| 02/24/10 | *Robin Wysocki* | $150.00 | 1.50 | Revise fee application ad directed by debtor's counsel and coordinate on timing of filing. | 225.00 |
| 03/04/10 | *Robin Wysocki* | $150.00 | 1.20 | Finalize, format and interim fee application according to instructions from Debtors' counsel. | 180.00 |
| 03/25/10 | *Robin Wysocki* | $150.00 | 0.20 | Confirm time and date for upcoming hearing on fee applications. | 30.00 |
| 04/29/10 | *Robin Wysocki* | $150.00 | 4.20 | Preparation final fee application. | 630.00 |
| | | **TOTAL** | **11.00** | **TOTAL COST** | **$1650.00** |

**MATTER 0004**
**CASE ADMINISTRATION**

| DATE | TIMEKEEPER | RATE | HOURS | NARRATIVE | COST |
|------|-----------|------|-------|-----------|------|
| 02/02/10 | *Marc Swanson* | $215.00 | 0.20 | Telephone conference with Debtor's counsel regarding subordination. | 43.00 |
| 02/02/10 | *Marc Swanson* | $215.00 | 0.10 | Telephone conference with Debtor's counsel regarding subordination. | 21.50 |
| 02/02/10 | *Marc Swanson* | $215.00 | 0.20 | Reviewing and revising subordination agreement. | 43.00 |
| 02/05/10 | *Marc Swanson* | $215.00 | 0.10 | Reviewing and analyzing motion to extend time to file fee applications. | 21.50 |
| | | **TOTAL** | **0.60** | **TOTAL COST** | **$129.00** |

## COMBINED TIMEKEEPER SUMMARY

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| Marc N. Swanson | $215.00 | .60 | $129.00 |
| Michael H. Traison | $420.00 | 12.80 | $5,376.00 |
| Robin M. Wysocki | $150.00 | 11.00 | $1,650.00 |
| | **Total** | **24.40** | **$7,155.00** |

## COMBINED TOTALS

| | |
|------|------|
| Total Hours | 24.40 |
| | |
| Fee Total, all Matters: | $7,155.00 |
| Disbursement Total, all Matters: | $100.46 |
| **Invoice Total, all Matters:** | **$7,255.46** |

**EXHIBIT D**

Proposed Order

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE:                              §
                                    §     **CASE NO. 09-24949**
**SUN CONTAINER, INC.,** *et al.*,  §
                                    §     **(Chapter 11 – Jointly Administered)**
    **Debtors.**                    §


## ORDER APPROVING FINAL FEE APPLICATION OF MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND REQUEST TO LIMIT AND SHORTEN NOTICE

Upon consideration of the Final Fee Application Miller Canfield Paddock & Stone, PLC (Miller Canfield) as Counsel to the Official Committee of Unsecured Creditors and Request to Limit and Shorten Notice (the "Application"); the Court having reviewed the Application; it appearing to the Court that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. §(b)(2); the Court finding that the amounts granted herein are reasonable; the Court further finding that the amounts for services and expenses approved herein were actual and necessary to the administration of, and actually benefited, the Debtors' bankruptcy estates and creditors thereof; the Court further finding that due and adequate notice of the Application was provided; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby allows Miller Canfield $125,808.50 in final compensation for the Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code.

2.    The Court hereby allows Miller Canfield  $843.34 in final reimbursable expenses

17,627,966.1\143907-00001                                    2

for the Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code.

3.      The Court hereby authorizes payment to Miller Canfield in the amount of $7,155.00 in reasonable and necessary fees and $100.46 in actual expenses for the period of February 1, 2010 through April 30, 2010.

4.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed this ____ day of _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE