# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 09-24949 |
| | ) | |
| SUN CONTAINER, INC., *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing:  May 18, 2010 at 10:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 18, 2010 at 10:30 a.m., the undersigned shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, in the courtroom usually occupied by her, United States Courthouse, 219 South Dearborn Street, courtroom 642, Chicago, Illinois, and then and there present the **Motion for Final Decree Closing Chapter 11 Cases and Limiting Notice**, a copy of which is attached hereto and herewith served upon you.

Dated:  May 13, 2010              Respectfully submitted,

                                  **SUN CONTAINER, INC.,** *et al*.

                                   /s/  Jeffrey M. Heller
                                   One of their Attorneys

                                  Harley J. Goldstein (No. 6256010)
                                  Sven T. Nylen (No. 6278148)
                                  Jeffrey M. Heller (No. 6294314)
                                  K&L GATES LLP
                                  70 West Madison Street, Suite 3100
                                  Chicago, Illinois 60602-4207
                                  Telephone:  (312) 372-1121
                                  Facsimile:  (312) 827-8000

---

[1]  The Debtors are the following entities:  (i) Sun Container, Inc.; (ii) Sun Boxes, Inc.; and (iii) B&N Container, Inc.

E-481451 v1

- 2 -

## CERTIFICATE OF SERVICE

I, Jeffrey M. Heller, an attorney, do hereby certify that on May 13, 2010, I caused true and correct copies of the **Notice of Motion** and the **Motion for Final Decree Closing Chapter 11 Cases and Limiting Notice** to be served electronically to the parties listed on the attached service list via CM/ECF, the Court's Electronic Filing System.

Dated:  May 13, 2010                             /s/  Jeffrey M. Heller

- 3 -

**Parties Served Via CM/ECF**

Steven A Ginther on behalf of Creditor Missouri Department of Revenue
ndilecf@dor.mo.gov

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Lawrence A Steingold on behalf of Creditor Metropolitan National Bank
lawrence.steingold@huschblackwell.com

Michael Traison on behalf of Creditor Committee Official Committee of Unsecured Creditors
traison@millercanfield.com  wysocki@millercanfield.com
swansonm@millercanfield.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 09-24949 |
| | ) | |
| SUN CONTAINER, INC., *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing: May 18, 2010 at 10:30 a.m. |

**MOTION FOR FINAL DECREE CLOSING CHAPTER 11 CASES AND LIMITING NOTICE**

The above-captioned debtors (collectively, the "*Debtors*") and SCI Box, LLC (the "*Reorganized Debtor*," and together with the Debtors, the "*Movants*") hereby move the Court (the "*Motion*") to enter a final decree closing the chapter 11 cases of the Debtors and, in connection therewith, limiting the notice required under Local Rule 3022-1. In support hereof, the Movants respectfully state as follows:

**PLAN CONSUMMATION AND STATUS OF PAYMENTS**

1. On July 9, 2009 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 (the "*Chapter 11 Cases*") of title 11 of the United States Code (the "*Bankruptcy Code*"). On July 13, 2009, the Court entered an order jointly administering these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

2. On December 11, 2009, the Debtors filed their *Second Amended Plan of Reorganization* (the "*Plan*").[2] On January 6, 2010, this Court entered an order confirming the Debtors' Plan. The Plan went effective on April 30, 2010.

---

[1] The Debtors are: (i) Sun Container, Inc.; (ii) Sun Boxes, Inc.; and (iii) B&N Container, Inc.

[2] Capitalized terms not defined herein shall have the meanings provided in the Plan.

E-481405 v1

3.       In connection with the consummation of the Plan, the following events have occurred:[3]

- The principal of the Movants funded the new equity infusion to the Reorganized Debtor.

- The new loan has closed and funded.

- The U.S. Bank revolving facility (Class 1 Claim) has been paid off.

- The Debtors' assets have been transferred to the Reorganized Debtor and the Reorganized Debtor is operating in the ordinary course.

- The Reorganized Debtor has executed the new mortgages for the benefit of U.S. Bank (Class 2 Claim on account of its term loan) and First National Bank of Okawville (Class 3 Claim), and the Reorganized Debtor is paying those obligations in the ordinary course.

- Holders of Other Secured Claims (Class 4 Claims), which would only be equipment lessors, are being paid in the ordinary course.

- The Reorganized Debtor has executed the notes issued for the benefit of the Debtors' general Unsecured Claims (Class 6) and the first quarterly payment required under such notes has been made in accordance with the Plan. Quarterly payments under such notes continue until January 1, 2016.

4.       The only material matters pending in these Chapter 11 Cases are two interim and three final fee applications (collectively, the "*Fee Applications*") of the professionals retained by the Debtors and the Official Committee of Unsecured Creditors (the "*Committee*"), which shall be considered by the Court on May 18, 2010, the same date that the Court shall consider this Motion.[4] The allowed administrative expense claims of these professionals shall be satisfied from the remaining cash of the Debtors and from future cash flows of the Reorganized Debtor by

---

[3]     There are eight classes of claims and interests under the Plan. The Debtors do not believe there are any Other Priority Claims (Class 5). Intercompany Claims (Class 7) and Equity Interests (Class 8) were eliminated under the Plan.

[4]     Additionally, the Debtors' *Third Motion to Extend Deadline for Professionals to Apply for Payment of Administrative Claims* (Docket No. 218) (the "*Admin Deadline Extension*") is pending and shall be considered at the May 18th hearing.

2

no later than December 31, 2010.  Each of the professionals have agreed to such treatment in accordance with the Plan's terms governing the treatment of administrative expense claims.

5.  All fees due under 28 U.S.C. §1930 shall be paid on or before the hearing on this Motion.

## RELIEF REQUESTED

2.  By this Motion, the Movants request that this Court enter a final decree and order closing the Chapter 11 Cases, and limiting the notice required under Local Rule 3022-1

## APPLICABLE AUTHORITY

3.  The transactions contemplated under the Plan have been consummated, and the Reorganized Debtor has commenced making the payments required under the Plan.  With the exception of the Fee Applications and the Admin Deadline Extension which are set for the same hearing as this Motion, there are no unresolved matters in these Chapter 11 Cases pending before this Court.  Accordingly, it is appropriate to close the Chapter 11 Cases at this time.

4.  Section 350(a) of the Bankruptcy Code provides that after an estate is fully administered "the court shall close the case."  Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

5.  The concept of "fully administered" means "the point when the estate reaches substantial consumbation as defined by Section 1101(2) of the bankruptcy code." *In re Wade*, 991 F.2d 402, 407, n. 2 (7th Cir. 1992).  Section 1101(2) of the Bankruptcy Code provides that:

> (2)  "substantial consummation" means:
>
> (A)  transfer of all or substantially all of the property proposed by the plan to be transferred;

3

E-481405 v1

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

11 U.S.C. § 1102(2).

6. In addition, courts have directed that the following events should be considered when determining if an estate has been fully administered: (i) when the order confirming the plan has become final; (ii) when deposits have been distributed; (iii) when payments under the plan have been commenced; and (iv) when all motions, contested matters, and adversary proceedings have been resolved. *See In re Xpedior Inc.*, 354 B.R. 210, 219 (Bankr. N.D. Ill. 2006).

7. As set forth above, the transactions contemplated under the Plan have been consummated and the Reorganized Debtor has commenced making payments under the Plan. The Movants believe that the Fee Applications and the Admin Deadline Extension should be easily resolved at the hearing on this Motion. Additionally, all fees owed to the Office of the United States Trustee have been timely paid to date and, prior to the hearing on this Motion, the Movants intend to make the required quarterly fee payment for the second quarter of 2010 to the Office of the United States Trustee.

8. For the reasons described above, the Movants submit that the Debtors' estates have been fully administered, and, accordingly, they are entitled to the entry of a final decree closing the Chapter 11 Cases.

## REQUEST TO LIMIT NOTICE

9. Rule 3022-1 of the Local Rules provides, in part:

> Unless the court orders otherwise, debtors or other parties in interest moving after chapter 11 plan confirmation either to close the case or enter a final decree shall (1) give notice of such motion to the United States Trustee, any chapter 11 trustee, and all creditors, and (2) state within the notice or motion the actual status of all payments due to each class under the confirmed plan.

4

E-481405 v1

10. Notice of this Motion has been given via this Court's ECF system to: (a) the United States Trustee; and (b) former counsel to the Committee. In light of the fact that all creditors have received notice of the Plan and its effectiveness, and have begun receiving payments contemplated under the Plan, the benefit of providing notice of this Motion to all creditors is outweighed by the cost and time involved with serving such notice.

**WHEREFORE**, the Movants respectfully request that the Court enter a final decree and order closing the Chapter 11 Cases and limiting the notice required under Local Rule 3022-1.

Dated: May 13, 2010                                    Respectfully submitted,

                                                              **SUN CONTAINER, INC.,** *et al.*

                                                              /s/ Jeffrey M. Heller
                                                              One of their Attorneys

                                                              Harley J. Goldstein (No. 6256010)
                                                              Sven T. Nylen (No. 6278148)
                                                              Jeffrey M. Heller (No. 6294314)
                                                              K&L G<small>ATES</small> LLP
                                                              70 West Madison Street, Suite 3100
                                                              Chicago, Illinois 60602-4207
                                                              Telephone: (312) 372-1121
                                                              Facsimile: (312) 827-8000

E-481405 v1